UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Amr A. Ibrahim,   Case No. 3:22-cv-1080

          Plaintiff,

v.   MEMORANDUM OPINION
AND ORDER

United States Department of Homeland
Security, *et al.*,

          Defendants.

On April 15, 2021, Amr A. Ibrahim filed an application for naturalization with the United States Department of Homeland Security. (Doc. No. 13-2). Ibrahim's application was denied because he spent more than 365 consecutive days outside of the United States during the 5 years immediately preceding the filing of his application. (Doc. No. 13-3 at 2; Doc. No. 13-2 at 7).

Federal law requires that an applicant for naturalization "reside[] continuously . . . within the United States for at least five years" prior to naturalization. 8 U.S.C. § 1427(a). Any "[a]bsence from the United States for a continuous period of one year or more during the period for which continuous residence is required for admission to citizenship (whether preceding or subsequent to the filing of the application for naturalization) shall break the continuity of such residence . . . ." *Id.* § 1427(b).

Ibrahim filed suit against the Department of Homeland Security and United States Citizenship and Immigration Services. (Doc. No. 1). He alleges he traveled to Egypt in October 2019 to visit his family and was prohibited from returning to the United States by the onset of the

global Covid-19 pandemic in March 2020 and the related closure of international airports. (Doc. No. 1 at 2). Ibrahim contends he was unable to return to the United States until more than one year had passed since his departure. (*Id.* at 3). Defendants moved to dismiss Ibrahim's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing Ibrahim's application for naturalization is barred by the plain language of § 1427. (Doc. No. 13-1 at 4-5). Ibrahim has not filed a brief in response to Defendants' motion and the deadline to do so has passed. (*See* Doc. No. 14).

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

I conclude Ibrahim fails to state a plausible claim for relief. Courts considering circumstances substantially similar to those present in this case consistently "have held that a voluntary departure from the United States, followed by an involuntary absence of more than one year, precludes naturalization." *In re Naturalization of Vafaei-Makhsoos*, 597 F. Supp. 499, 500 (D. Minn. 1984) (citing *United States v. Larsen,* 165 F.2d 433 (2d Cir. 1947), and *In re Hilden,* 60 F. Supp. 845 (S.D.N.Y. 1945)). While Defendants do not appear to dispute Ibrahim's contention that the length of his absence from the United States was involuntary, they note, as the *Vafaei-Makhsoos* court did, that § 1427 "draws no distinction between voluntary and involuntary absences." *Vafaei-Makhsoos*, 597 F. Supp. at 500.

Ibrahim was absent from the United States for more than one year during the five-year period immediately preceding his application for naturalization. Therefore, I conclude Defendants properly denied his application pursuant to § 1427 and that Ibrahim fails to state a plausible claim for relief. I grant Defendants' motion, (Doc. No. 13), and dismiss Ibrahim's complaint.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge